# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| KOREY FLOYD, | \* | |
| | \* | No. 13-556V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: March 2, 2017 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Redaction, adult petitioner. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PUBLISHED ORDER DENYING MOTION FOR REDACTION[1]

On August 8, 2013, Korey Floyd filed a petition for compensation under the National Childhood Vaccine Injury Compensation Program, codified at 42 U.S.C. § 300aa−10 through 34 (2012). Mr. Floyd alleged a neurological demyelinating injury as a result of a trivalent influenza vaccine he received on October 18, 2012. On May 2, 2016, the undersigned issued a decision based on the parties' stipulation awarding compensation to petitioner. On May 13, 2016, Mr. Floyd filed a motion to redact, requesting his name be redacted throughout the published decision. For the reasons explained below, this motion is DENIED.

\* \* \*

Mr. Floyd cites "privacy reasons" as the primary reason for his request to redact the decision awarding compensation. He states that, in addition to the Vaccine Act warranting redaction, the Court of Federal Claims favors redaction for privacy reasons when the privacy of the individual outweighs that of the

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this order on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1

government's interest in public disclosure. Pet'r's Mot. to Redact, filed May 13, 2016, at 2-3 (citing W.C. v. Sec'y of Health & Human Services, 100 Fed. Cl. 440 (2011)).

The Secretary filed a response to the motion to redact. Resp't's Resp. to Mot. to Redact, filed May 31, 2016. The Secretary asserted that the Vaccine Act requires decisions of specials masters be disclosed and petitioners are aware of this requirement when they file a petition. Id. at 3 (citing 42 U.S.C. § 300aa-12(d)(4)(B)). The Secretary argues that without some special showing, redaction would be inappropriate. Id. at 3-4.

Mr. Floyd's motion included a partial quote of the Vaccine Act, 42 U.S.C. § 300aa-12(d)(4)(B). Quoting the Vaccine Act, Mr. Floyd stated that the Vaccine Act prohibits an invasion of privacy: "if the person who submitted such information objects to the inclusion of such information in the decision . . . the decision shall be disclosed without such information." Pet'r's Mot. to Redact, at 1. The motion's partial quotation of the Vaccine Act is misleading due to the omission of preceding text which is crucial to interpreting the statute. See 42 U.S.C. § 300aa-12(d)(4)(B). Mr. Floyd's reply to the Secretary's response corrected this omission. Pet'r's Reply, filed June 17, 2016, at 2.

Quoted as a whole, § 300aa-12(d)(4)(B), reads: "A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information (i) which is trade secret or commercial or financial information which is privileged and confidential, or (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information." Id.

When the statute is read in its entirety, the conjunction "and" coordinates the incomplete portion initially cited by Mr. Floyd with the important previous requirements that the information be either a trade secret, privileged and confidential financial information, or medical files or something similar that would constitute an unwarranted invasion of privacy. Mr. Floyd's motion does not address how his name is any of these things identified as appropriate for redaction under the Vaccine Act.

Mr. Floyd also cites W.C. v. Sec'y of Health & Human Services, 100 Fed. Cl. 440 (2011) extensively for support. The applicability of W.C. to the

2

circumstances of this case was persuasively addressed in House v. Sec'y of Health & Human Services, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012).  Similar to the reasoning in House, Mr. Floyd has not pointed "to his particular factual circumstances to show that the full disclosure of his vaccine decision would constitute an unjustified invasion of his privacy."  Mr. Floyd makes no showing, by reference to his own particular circumstances, how the disclosure of the decision on his claim that he suffered a particular injury as a result of receiving certain vaccines would "effect a 'clearly unwarranted intrusion' on his privacy."  Id. at *6 n.15.

The undersigned has discussed, in detail, the requirements for a petitioner to satisfy the requirements to meet a specialized showing in K.O. v. Sec'y of Health & Human Services, No. 13-472V, 2016 WL 7634492 (Fed. Cl. Spec. Mstr. Nov. 30, 2016).  Here, Mr. Floyd has not made this argument nor has he submitted any additional evidence to support some special showing as to why his name should be redacted.

For these reasons, Mr. Floyd's motion is DENIED.  Pursuant to Vaccine Rule 18(b), the entire decision issued on May 2, 2016 will be made available to the public.

**IT IS SO ORDERED**.

                                              S/ Christian J. Moran
                                              Christian J. Moran
                                              Special Master